[Cite as *R.C. v. J.G.*, 2013-Ohio-4265.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

R.C.

     Appellee

     v.

J.G.

     Appellant

C.A. No.     12CA0081-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     12DV0182

DECISION AND JOURNAL ENTRY

Dated: September 30, 2013

BELFANCE, Judge.

{¶1}    Appellant J.G. appeals the order of the Medina County Court of Common Pleas that granted a civil protection order to R.C. This Court affirms.

I.

{¶2}    R.C. and J.G. ended their relationship in 2008, but J.G. continued to contact her throughout the next year. Often, the contact occurred at or was related to R.C.'s family business, in which J.G. holds a minority interest as an investor. Once, R.C. noticed that J.G. seemed to be following her around a local park in his car. She contacted the police on several occasions about J.G.'s behavior, and she petitioned the domestic relations court for a civil protection order in 2009. She ultimately withdrew that petition. After a few further incidents that R.C. reported to police in 2009 and 2010, J.G. agreed that he would only contact her about their common business interests through his attorney. The two had no further contact until 2012.

**{¶3}** On the evening of July 20, 2012, J.G. came to R.C.'s place of business knowing that she had left for the day. According to J.G., he made arrangements to meet an out-of-town acquaintance at the business because it was a convenient location and because it was conducive to the presence of his friend's young children. Nonetheless, R.C.'s coworkers reported his presence to her, and she called the police. The trial court granted her a civil protection order based on the conclusion that J.G. engaged in a pattern of conduct that knowingly caused R.C. to believe he would cause her harm. J.G. appealed.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT LACKED SUFFICIENT, COMPETENT, CREDIBLE EVIDENCE TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT [J.G.] ENGAGED IN AN ACT OF DOMESTIC VIOLENCE.

**{¶4}** J.G.'s first assignment of error is that the trial court's conclusion that he knowingly engaged in a pattern of conduct that caused R.C. to believe that he would cause her physical harm is not based on sufficient evidence. We do not agree.

**{¶5}** Because this case arose after July 1, 2012, it is governed by the provisions of newly-adopted Civ.R. 65.1. According to Civ.R. 65.1(F)(3), civil protection petitions may be referred to a magistrate for determination, but civil protection orders are not "magistrate's order[s]" as contemplated by Civ.R. 53(D) and are not subject to the requirements of Civ.R. 53 related to magistrate's orders. A civil protection order issued by a magistrate must still be adopted by the trial court, but only upon a review to determine whether there is an error of law or another defect evident on the face of the order. Civ.R. 65.1(F)(3)(c). A civil protection order is final and appealable and may be reviewed on appeal with or without objections being filed in the trial court. Civ.R. 65.1(F)(3)(d); Civ.R. 65.1(G). *See also* 2012 Staff Note, Civ.R. 65.1 ("Rule

65.1 is adopted to provide a set of provisions uniquely applicable to those statutory proceedings because application of the existing rules, particularly with respect to * * * reference to magistrates, interferes with the statutory process and is inconsistent with its purposes.").

{¶6} These changes are significant with respect to our standard of review. In the past, several appellate districts have concluded that when reviewing the evidence underlying a civil protection order, the appropriate standard of review is whether there is "competent, credible evidence going to all elements of the case," which those courts characterize as a manifest weight standard. *Williams v. Hupp*, 7th Dist. Mahoning No. 10 MA 112, 2011-Ohio-3403, ¶ 22. *See also C.E. Morris Co. v. Foley Constr*., 54 Ohio St.2d 279 (1978). Recently, however, the Ohio Supreme Court has clarified that "[i]n civil cases, as in criminal cases, the sufficiency of the evidence is quantitatively and qualitatively different from the weight of the evidence." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, paragraph two of the syllabus. "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Id*. at ¶ 19.

{¶7} In this case, J.G. has argued that the civil protection order is not based on sufficient evidence of domestic violence. Consequently, we must determine whether, viewing the evidence in the light most favorable to J.G., a reasonable trier of fact could find that the petitioner demonstrated by a preponderance of the evidence that a civil protection order should issue. *See generally State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. *See also Eastley* at ¶ 11, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

{¶8} In order for a civil protection order to issue, "the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or

household members are in danger of domestic violence." *Felton v. Felton*, 79 Ohio St.3d 34 (1997), paragraph two of the syllabus. "Domestic violence," as defined by R.C. 3113.31(A), includes committing an act of menacing by stalking, as prohibited by R.C. 2903.211(A)(1). Under that statute, "[n]o person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."

{¶9}    R.C. 2903.211(A)(1) permits proof that the petitioner feared physical harm or suffered mental distress. *See*, *e.g.*, *State v. Barnhardt*, 9th Dist. Lorain No. 05CA008706, 2006-Ohio-4531, ¶ 11 ("[I]n order to show that a defendant violated R.C. 2903.211, the State must show that the defendant engaged in conduct that he knew would probably cause the complainant to believe that defendant would harm her or that he knew would 'probably cause' the complainant to suffer from mental distress."). *But see Holloway v. Parker*, 3d Dist. Marion No. 0-12-50, 2013-Ohio-1940, ¶ 23, fn.5; (noting that a majority of appellate districts have concluded that the statute requires "only that the victim believes the stalker would cause mental distress[.]"). "Physical harm" includes "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶10}  In this case, the trial court determined that R.C. was entitled to a civil protection order because she had proved that she was in danger of domestic violence because J.G. knowingly engaged in a pattern of conduct that caused her to fear that he would physically harm her. The trial court concluded that "[R.C.] had these beliefs based upon the break up of [the]

relationship, several notices for [J.G.] to stay away and a previous order of protection." As an initial matter, we note that the trial court relied upon "a previous order of protection," but note that it appears from the record that although R.C. sought a civil protection order against J.G. at some point in the past, the petition was withdrawn. Nonetheless, the record contains sufficient evidence that, viewed in the light most favorable to R.C., could lead a trier of fact to reasonably conclude that R.C. feared that J.G. would cause her physical harm.

{¶11} R.C. 2903.211 does not require explicit threats of physical harm. *State v. Honeycutt*, 2d Dist. Montgomery No. 19004, 2002 WL 1438648, *6 (July 5, 2002). R.C. testified that she cut off contact with J.G. by email, text, and cellular phone because he used those means to "personally harass" her. She testified that J.G. came to her place of business, purportedly to review business records, but that he used their business connection "to personally come and bother me, not to discuss business." R.C. described an incident in which J.G. and his mother came to her workplace during which his mother "made a scene," including comments damaging to R.C.'s reputation, and stated they were "sorry for what's going to happen to [R.C.'s] children." R.C. testified that J.G. came to her workplace at odd hours and, on one occasion, banged on the windows with his fists. Police officer Cliff Nicholson, who had responded to R.C.'s calls for assistance on several occasions, testified that "[R.C.]'s just a ball of nerves. I believe that [J.G.'s] got some type of intimidation on her and that she doesn't feel comfortable in her business."

{¶12} In addition, the evidence was sufficient to demonstrate a "pattern of conduct" for purposes of R.C. 2901.211. A "pattern of conduct" "means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents." R.C. 2903.11(D)(1). Because R.C. 2903.211(D)(1) does not elaborate on

the requirement that incidents must be "closely related in time," that question must be considered with reference to all of the surrounding circumstances. *State v. Dario*, 106 Ohio App.3d 232, 238 (1st Dist.1995). "'A court must take everything into consideration when determining if a respondent's conduct constitutes a pattern of conduct, even if some of the person's actions may not, in isolation, seem particularly threatening.'" *Guthrie v. Long*, 10th Dist. Franklin No. 04AP-913, 2005-Ohio-1541, ¶ 12, quoting *Miller v. Francisco*, 11th Dist. Lake No. 2002–L–097, 2003–Ohio–1978. A series of incidents may constitute a "pattern of conduct" under the facts of a given case even if spread over the course of several years or across an intervening gap in time. *See*, *e.g.*, *Middletown v. Jones*, 167 Ohio App.3d 679, 2006-Ohio-3465, ¶ 11 (12th Dist.); *Honeycutt* at *5. In this case, although the incidents in question were spread out over three years with an intervening gap, a trier of fact could reasonably conclude that they were of the same character such that they constituted a pattern of conduct under the circumstances of this case.

{¶13} The civil protection order issued on sufficient evidence that J.G. engaged in domestic violence directed toward R.C. by knowingly engaging in a pattern of conduct that caused R.C. to believe that he would physically harm her. J.G.'s first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE BROAD SCOPE OF THE CIVIL PROTECTION ORDER ENTERED BY THE TRIAL COURT REFLECTS AN ABUSE OF DISCRETION AS IT EFFECTIVELY PROHIBITS [J.G.] FROM EXERCISING HIS LEGAL RIGHTS AS A SHAREHOLDER OF AMAZONE.

{¶14} J.G.'s second assignment of error is that the trial court erred by issuing a civil protection order that made it impossible for him to exercise his business interest in R.C.'s family business. We disagree.

{¶15} "Because R.C. 3113.31 expressly authorizes the courts to craft protection orders that are tailored to the particular circumstances, it follows that the trial court has discretion in establishing the scope of a protection order, and that judgment ought not be disturbed absent an abuse of discretion." *Abuhamda-Sliman v. Sliman*, 161 Ohio App.3d 541, 2005-Ohio-2836, ¶ 9 (8th Dist.2005). When applying the abuse of discretion standard, an appellate court does not substitute its own judgment for that of the trial court and considers whether the trial court's action was arbitrary, unreasonable, or unconscionable. *Sinclair v. Sinclair*, 182 Ohio App.3d 691, 2009-Ohio-3106, ¶ 7 (4th Dist.2009), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶16} R.C. 3113.31(E)(1) authorizes a trial court to include within the scope of a protection order such terms as are equitable under the circumstances. As relevant to this case, a protection order may "[r]equire the respondent to refrain from entering the residence, school, business, or place of employment of the petitioner or family or household member[.]. R.C. 3113.31(E)(1)(g). J.G. has argued that the trial court abused its discretion by ordering him to refrain from direct or indirect contact with R.C. and to refrain from entering her place of business because, according to him, the terms of the protection order make it impossible to exercise his rights as a minority shareholder of her family business. Whether J.G. would be justified in initiating a shareholder suit against R.C., as he maintains, is beyond the scope of this appeal. What the record demonstrates, however, is that J.G. had minimal involvement in the business and appeared to use his business connection as an opportunity to contact R.C. against her wishes. The record also demonstrates that during the period of time during which J.G. and R.C. had no contact, their business relationship, albeit limited, was handled adequately through their

respective attorneys. Given the circumstances of this case, we cannot say that the trial court abused its discretion with respect to the terms of the civil protection order.

{¶17} J.G.'s second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT FAILED TO EXPRESSLY DETERMINE WHETHER AN ERROR OF LAW OR OTHER DEFECT IS EVIDENT ON THE FACE OF THE CIVIL PROTECTION ORDER ENTERED BY THE MAGISTRATE.

{¶18} In J.G.'s final assignment of error, he argues that the trial court erred by adopting the civil protection order without making an express finding that the magistrate's order did not contain an error of law or other defect on its face. Because Civ.R. 65.1 does not require an express determination to that effect, we disagree.

{¶19} Civ.R. 65.1(F) permits the referral of civil protection order proceedings to magistrates and governs the operation of the reference. Under Civ.R. 65.1(F)(3)(a)/(b), a magistrate in a referred matter has the authority to enter a civil protection order after a full hearing, and the resulting protection order has full force and effect subject only to adoption by the trial court. Civ.R. 65.1(F)(3)(c). Although in this respect, Civ.R. 65.1 is similar to Civ.R. 53, the former contains some important distinctions. As noted above, a civil protection order issued by a magistrate is neither a "magistrate's order" nor a "magistrate's decision" within the meaning of Civ.R. 53, and the corresponding portions of Civ.R. 53 do not apply. Civ.R. 65.1(F)(3)(b). Consistent with this distinction, the role of the trial court under Civ.R. 65.1(F)(3)(c) is more limited. The trial court may adopt the protection order "upon review of the order and a determination that there is no error of law or other defect evident on the face of the order" or may "modify or reject the magistrate's order." Civ.R. 65.1(F)(3)(c)(ii)/(iii). In other words, because objections are not required under Civ.R. 65.1(F), the trial court's review of a

civil protection order is the same as under Civ.R. 53(D)(4)(c) when no objections are filed.[1] Both Civ.R. 65.1(F)(3)(c) and Civ.R. 53(D)(4)(c) set forth this standard for a trial court's review, but neither requires specific findings in the judgment to that effect. Although both rules require the trial court to examine an order to determine if there is an error of law or defect on its face, neither rule requires the trial court to expressly state that it has found no error of law or defect on the face of the order. Given that the purpose of Civ.R. 65.1 is to expedite the process of obtaining a civil protection order, it would be incongruous to require more of the trial court by way of specific findings. We therefore decline to imply what Civ.R. 65.1 does not require.

{¶20} J.G.'s third assignment of error is overruled.

### III.

{¶21} J.G.'s assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

---

[1] Civ.R. 53(D)(4)(c) states that "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision."

period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT


MOORE, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

JEFFREY W. KRUEGER, Attorney at Law, for Appellant.

THOMAS J. MORRIS, Attorney at Law, for Appellee.