[Cite as *M.L. v. E.M.*, 2015-Ohio-4004.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| M. L. | | C.A. No. 14CA0066-M |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| E.M. | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | | CASE No. 13 DV 0184 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2015

MOORE, Judge.

{¶1}  Petitioner-Appellant M.L. appeals from the entry of the Medina County Court of Common Pleas, Domestic Relations Division, vacating the grant of a domestic violence civil protection order ("CPO") to M.L. following a full hearing and ordering a new hearing on the matter.  For the reasons set forth below, we reverse and remand the matter for proceedings consistent with this opinion.

I.

{¶2}  In August 2013, M.L. filed a petition for a CPO pursuant to R.C. 3113.31 against E.M., her ex-husband.  M.L. sought relief on behalf of herself and her two children.  A magistrate granted an ex parte CPO effective until August 16, 2014 and set the matter for a full hearing.  The magistrate continued the full hearing when service was not effectuated on E.M.  Once E.M. was properly served, he requested a continuance so that he could secure counsel.

{¶3}    A full hearing was held before the magistrate on October 7, 2013; however, E.M. did not appear.  Following the hearing, the magistrate granted a CPO which was to be valid for five years.  The CPO was adopted by the trial court.

{¶4}    Subsequently, E.M. filed objections to the "magistrate['s] decision[,]" and filed a praecipe requesting that the hearing be transcribed.  Thereafter, he filed a supplement to his objections.  In his objections, he asserted that he had notified the magistrate of his current address, the notice of the full hearing was not sent to that address, and he did not appear at the full hearing because he did not receive notice of it.  E.M. requested that the matter be remanded for a full hearing.

{¶5}    E.M.'s counsel failed to appear at the hearing on the objections; in lieu of proceeding with evidence or argument at the hearing, the magistrate allowed M.L. to file a written response to E.M.'s objections.  Following M.L.'s response, on July 17, 2014, the trial court issued an entry finding E.M.'s objection well-taken and setting the matter for a new hearing before the magistrate.  Specifically, the trial court concluded that, "[d]espite [E.M.'s] failure to keep himself current regarding the status of the case, the Court finds it appropriate to remand this matter to the magistrate for full hearing on [M.L.'s] request for a [CPO]."

{¶6}    M.L. has appealed, raising two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY GRANTING [E.M.] A NEW TRIAL IN THE JUDGMENT ENTRY DATED JULY 17, 2014, AS IT LACKED AUTHORITY TO DO SO UNDER CIV.R. 65.1 AND CIV.R. 59.

{¶7}    M.L. asserts in her first assignment of error that the trial court erred in granting E.M. a new hearing as it lacked authority to do so under Civ.R. 65.1 and Civ.R. 59.  Because we

conclude that it appears from reviewing the record that the trial court failed to apply Civ.R. 65.1 in resolving the matter, we decline to address the merits of M.L.'s arguments, but nonetheless sustain her assignment of error to the extent she asserts the trial court's grant of a new hearing was not in compliance with Civ.R. 65.1. *See In re I.S.,* 9th Dist. Summit No. 24763, 2009-Ohio-6432, ¶ 8, 19; *Jefferey v. Lesure,* 9th Dist. Medina No. 02CA0026-M, 2002-Ohio-7324, ¶ 6, 27.

{¶8} As this case arose after July 1, 2012, it is governed by Civ.R. 65.1. Civ.R. 65.1(A) provides that the provisions of the rule

> apply to special statutory proceedings under R.C. 3113.31 * * * providing for domestic violence * * * civil protection orders, shall be interpreted and applied in a manner consistent with the intent and purposes of those protection order statutes, and supersede and make inapplicable in such proceedings the provisions of any other rules of civil procedure to the extent that such application is inconsistent with the provisions of this rule.

{¶9} Important for purposes of our discussion, there are many differences between proceedings conducted pursuant to Civ.R. 65.1 and those conducted solely under Civ.R. 53. "According to Civ.R. 65.1(F)(3), civil protection petitions may be referred to a magistrate for determination, but civil protection orders are not 'magistrate's order[s]' as contemplated by Civ.R. 53(D) and are not subject to the requirements of Civ.R. 53 related to magistrate's orders." *M.K. v. J.K.,* 9th Dist. Medina No. 13CA0085-M, 2015-Ohio-434, ¶ 6, quoting *R.C. v. J.G.*, 9th Dist. Medina No. 12CA0081-M, 2013-Ohio-4265, ¶ 5. Likewise, the magistrate's denial or grant of a protection order after a full hearing is not a "magistrate's decision" as contemplated by Civ.R. 53(D)(3) and is not subject to that rule. *See* Civ.R. 65.1(F)(3)(b).

{¶10} "When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). "Upon review of a magistrate's denial or granting of a

protection order after a full hearing, the court may modify or reject the magistrate's order." Civ.R. 65.1(F)(3)(c)(iii).

{¶11} Unlike Civ.R. 53, Civ.R. 65.1 does not contain a provision authorizing the filing of objections to contest the grant or denial of a protection order by a magistrate. *Compare* Civ.R. 53(D)(3) (authorizing the filing of objections to a magistrate's decision) *with* Civ.R. 65.1 (providing no similar provision). Instead, Civ.R. 65.1 allows a party "to object to the 'court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order.'" *M.K.* at ¶ 6, quoting Civ.R. 65.1(F)(3)(d)(i). "The filing of objections is not mandatory. 'A civil protection order is final and appealable and may be reviewed on appeal with or without objections being filed in the trial court.'" *M.K.* at ¶ 6, quoting *R.C.* at ¶ 5, citing Civ.R. 65.1(F)(3)(d) and (G). "A party filing objections under this division has the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting or denial of the protection order, or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order." Civ.R. 65.1(F)(3)(d)(iii). "In order to grant a [domestic violence civil protection order], the court must conclude that the petitioner has demonstrated by a preponderance of the evidence that the petitioner and/or the petitioner's family or household members are in danger of domestic violence." *B.C. v. A.S.,* 9th Dist. Medina No. 13CA0020-M, 2014-Ohio-1326, ¶ 7.

{¶12} In the instant matter, while Civ.R. 65.1 is cited extensively in the briefs on appeal, it is not mentioned below, aside from a solitary reference in a magistrate's order issued following the entry that is the subject of this appeal. Instead, the record contains references to Civ.R. 53,

including notations in two entries by the magistrate indicating that the matter was referred to the magistrate under the provisions of Civ.R. 53. Additionally, in E.M.'s objections "to the magistrate's decision[,]" he referred to the entry of the magistrate granting the CPO as a "Magistrate's decision" that became an "interim order" when it was approved by the trial court. As noted above, the entry granting a CPO is not a magistrate's decision as contemplated by Civ.R. 53, *see* Civ.R. 65.1(F)(3)(b), and "[a] court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing under this division does not constitute a judgment or interim order under Civ.R. 53(D)(4)(e) and is not subject to the requirements of that rule." *See* Civ.R. 65.1(F)(3)(c)(iv). Further, M.L., in her response to E.M.'s objections, did not mention Civ.R. 65.1. Thus, a review of the record does not give us confidence that the trial court applied the appropriate rule in deciding the matter.

{¶13} In light of the fact that it appears the trial court did not consider or apply Civ.R. 65.1 in rendering its decision, we conclude it is necessary to remand the matter to the trial court so it can do so in the first instance. *See In re I.S.,* 2009-Ohio-6432, at ¶ 8, 19; *Jefferey*, 2002-Ohio-7324, at ¶ 6, 27.

{¶14} M.L.'s first assignment of error is sustained to the extent that she has asserted that the trial court failed to comply with the provisions of Civ.R. 65.1.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED, AS [A] MATTER OF LAW, BY SUSTAINING [E.M.'S] OBJECTIONS TO THE DOMESTIC VIOLENCE CIVIL PROTECTION ORDER (CPO) FULL HEARING, FILED OCTOBER 24, 2013[,] AND VACATING THAT ORDER.

{¶15} M.L. argues in her second assignment of error that the trial court erred is sustaining E.M.'s objection to the magistrate's decision. In light of our resolution of M.L.'s first

assignment of error, at this time, it is unnecessary for us to resolve this argument, and we decline to address it.

III.

**{¶16}** To the extent M.L. has argued in her first assignment of error that the trial court erred in failing to comply with Civ.R. 65.1, her assignment of error is sustained. We decline to address the merits of her second assignment of error. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed, and the matter is remanded for the trial court to apply Civ.R. 65.1.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

CARR, P. J.
WHITMORE, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

JAIME-LYN POH, Attorney at Law, for Appellant.

L. RAY JONES, Attorney at Law, for Appellee.