[Cite as *M.R. v. T.R.*, 2016-Ohio-3493.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| M.R. | C.A. No.    14AP0049 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| T.R. | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No.    14-DB-0287 |

DECISION AND JOURNAL ENTRY

Dated: June 20, 2016

CARR, Judge.

**{¶1}** Appellant, T.R. ("Husband"), appeals from the judgment of the Wayne County Court of Common Pleas, granting Appellee, M.R. ("Wife"), a Domestic Violence Civil Protection Order ("CPO"). This Court affirms in part, reverses in part, and remands for further proceedings.

I.

**{¶2}** Husband and Wife married in 2003 and had three children together during the course of their marriage. In July 2014, Wife left the marital residence and filed for divorce. She initially took the parties' three children with her, but, after several days, allowed Husband to see the children again. Husband then brought the children back to the marital residence and insisted that they stay there.

**{¶3}** On July 26, 2014, Wife learned that Husband had dropped off their daughter at her friend's house for the afternoon. Wife drove to the house and attempted to retrieve her

daughter from the friend's mother, Lisa Y. When Ms. Y refused to allow Wife to take her daughter with her, Wife called the police. Meanwhile, Ms. Y contacted Husband, who arrived on the scene before the police. According to Wife, Husband shoved her and repeatedly slammed her into the door of his truck after the two started arguing. Once the police arrived, however, no arrests were made. The police allowed Husband to take the parties' daughter back to the marital residence because she was residing there and temporary orders had not yet been issued in the divorce proceedings.

{¶4} On August 8, 2014, Wife filed a CPO petition, naming herself and the parties' three children as protected parties. Wife alleged that several instances of domestic violence had occurred, beginning when she was still residing in the marital residence and continuing after she left the home. In particular, Wife cited to the foregoing incident where Husband allegedly pushed her and slammed her into the door of his truck. The court granted the CPO on a temporary basis, and temporarily allocated custody of the parties' three children to Wife. The court scheduled the matter for a full hearing before a magistrate on August 20, 2014.

{¶5} Several days before the full hearing on Wife's petition, the parties came before the same magistrate for a hearing on temporary orders in their divorce case. Wife, Husband, and Ms. Y all testified at the hearing, along with one of the officers who responded to the call at Ms. Y's house on July 26, 2014. At the conclusion of the hearing, the magistrate took the matter under advisement.

{¶6} On August 20, 2014, the parties once again came before the magistrate for the full hearing on Wife's CPO petition. Following the hearing, the magistrate issued a CPO in favor of Wife. The magistrate, however, did not extend the CPO to the parties' children and ordered it to expire one year from the hearing date. The court immediately adopted the magistrate's order and

granted the CPO in favor of Wife on the basis that Husband "knowingly caused physical harm, scratches and bruising, to [Wife]."

{¶7} Subsequently, Husband filed objections to the court's adoption of the magistrate's order. In doing so, he asked the court to consider both the transcript of the hearing before the magistrate and the transcript of the temporary orders hearing that the parties had before the same magistrate in their divorce proceeding. Husband attached the latter transcript to his objections and asked the court to take judicial notice of the testimony contained therein. On October 24, 2014, the court issued its ruling. Although the court indicated that it had reviewed both of the transcripts Husband submitted when it considered his objections, the court overruled his objections and adhered to its prior judgment.

{¶8} Husband now appeals from the court's judgment and raises two assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED TO THE PREJUDICE OF [HUSBAND] WHEN IT ISSUED A CIVIL PROTECTION ORDER BASED UPON LEGALLY INSUFFICIENT EVIDENCE.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT'S GRANT OF A CIVIL PROTECTION ORDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶9} In his assignments of error, Husband argues that the trial court erred when it granted Wife's CPO petition because she failed to present sufficient evidence that she was in danger of domestic violence and the evidence presented weighed more heavily in his favor. We analyze each issue separately.

{¶10} "When reviewing the trial court's decision to issue a civil protection order, this Court applies the civil manifest weight of the evidence standard of review." *R.T. v. J.T.*, 9th Dist. Medina No. 14CA0061-M, 2015-Ohio-4418, ¶ 9.

> The standard encompasses both a legal sufficiency and manifest weight determination. With respect to sufficiency of the evidence, "sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. Weight, on the other hand, tests the believability of the evidence offered and concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.

(Internal citations and quotations omitted.) *Donovan v. Donovan*, 9th Dist. Lorain No. 11CA010072, 2012-Ohio-3521, ¶ 5. *See also Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 11-12, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 386-387 (1997).

{¶11} Before the trial court may grant a CPO pursuant to R.C. 3113.31, it must have found "'that petitioner has shown by a preponderance of the evidence that petitioner * * * [is] in danger of domestic violence.'" *Chafin v. Chafin*, 9th Dist. Lorain No. 09CA009721, 2010-Ohio-3939, ¶ 7, quoting *Felton v. Felton*, 79 Ohio St.3d 34, 42 (1997). A person commits domestic violence when he or she "attempt[s] to cause or recklessly caus[es] bodily injury" to a family or household member. R.C. 3113.31(A)(1)(a). In ruling on a CPO petition, a court may consider evidence in "'light of the recent history between the [parties].'" *Bowman v. Bowman*, 9th Dist. Medina No. 13CA0064-M, 2014-Ohio-2851, ¶ 10, quoting *State v. Payne*, 9th Dist. Summit No. 24081, 2008-Ohio-5447, ¶ 10.

{¶12} At the hearing on her CPO petition, Wife testified that Husband attacked her while the two were at Ms. Y's house. She stated that Husband pushed her into the mirror of his truck, causing scratches and bruises on her back. Additionally, she testified that Husband repeatedly slammed her into his truck door and left bruises on her arms. Husband argues that

Wife's testimony was not sufficient to support her petition because other evidence contradicted her claim that he physically harmed her. A sufficiency analysis, however, requires this Court to view the evidence in a light most favorable to Wife. *See M.K. v. J.K.*, 9th Dist. Medina No. 13CA0085-M, 2015-Ohio-434, ¶ 10. The only question is "whether, viewing the evidence in the light most favorable to [Wife], a reasonable trier of fact could find that [she] demonstrated by a preponderance of the evidence that a [CPO] should issue." *R.C. v. J.G.*, 9th Dist. Medina No. 12CA0081-M, 2013-Ohio-4265, ¶ 7. Because Wife testified that Husband pushed her and slammed her into his truck hard enough to leave bruises, a reasonable trier of fact could have found that she met her evidentiary burden by showing that she was in danger of domestic violence. *See Chafin* at ¶ 7; R.C. 3113.31(A)(1)(a). Consequently, Husband's sufficiency argument lacks merit, and his first assignment of error is overruled.

{¶13} We next consider Husband's argument that the court's judgment is against the manifest weight of the evidence. Initially, we note that, in reviewing Husband's objections, the court considered both the transcript of the full hearing before the magistrate on Wife's CPO petition and the transcript of the temporary orders hearing that the magistrate conducted in the parties' divorce case. Wife never argued that the trial court erred by considering the latter transcript, and she has not filed a brief on appeal. Accordingly, we will not construct an argument on her behalf. *See generally Cardone v. Cardone*, 9th Dist. Summit No. 28349, 1998 WL 224934, *8 (May 6, 1998). Because the trial court considered the transcript from the parties' domestic relations case, we likewise consider it in ruling on the court's judgment.

{¶14} As noted, Wife testified at the CPO hearing that Husband shoved her into the mirror of his truck and repeatedly slammed her into his truck door. According to Wife, she tried

to press charges against Husband when the police arrived, but Husband was not arrested.[1] Wife testified that Husband had harassed her since she left the marital residence and had previously threatened to shoot her and beat her. She stated that she sought a protection order on behalf of her children as well as herself because Husband had a lot of guns in the house and routinely smoked marijuana in front of the children. Nevertheless, at the temporary orders hearing, Wife testified that she would not be opposed to Husband having unsupervised visitation with the children or even shared custody because she did not think it was right "to withhold somebody's kids from them."

{¶15} Husband testified at the CPO hearing that he never physically harmed or threatened Wife. He admitted that the two had an argument at Ms. Y.'s house when Wife attempted to retrieve their daughter, but he denied ever pushing Wife or slamming her into his truck. Husband confirmed that the children were residing with him until Wife filed her CPO petition. At that point, the Domestic Relations Court had yet to issue any temporary orders. It was Husband's position that Wife filed her petition to obtain custody of the children and gain leverage in the divorce proceedings.

{¶16} At the temporary orders hearing, the magistrate heard from Ms. Y. and Deputy Scott Ries, one of the officers who responded to the July 26, 2014 incident. Ms. Y. testified that Wife arrived at her home without warning about one hour after Husband dropped off the parties' daughter. She testified that she refused to allow Wife to take her daughter with her because Husband was the one who had dropped off their daughter and Ms. Y. knew that the parties had

---

[1] At this point in the proceeding, Wife attempted to tell the magistrate what the police told her about pressing charges, but the magistrate sustained a hearsay objection to the testimony.

separated. While Wife called the police, Ms. Y. called Husband. Ms. Y. testified that she and her daughter watched the entire time while Wife and Husband argued about their daughter. According to Ms. Y., Husband never touched Wife. She stated that the two only argued verbally until the police arrived, separated them, and spoke to them individually.

{¶17} Deputy Ries testified that he responded to the scene to advise the officers who initially responded. He stated that he was told that the parties were involved in a custody dispute and that both wanted to take their daughter with them. Because no temporary orders had yet been issued, Deputy Ries advised the parties that their daughter should return to the place where she was currently residing. He stated that no one was arrested in connection with the incident and he was never informed that the parties' dispute involved anything more than a verbal argument. At the CPO hearing, Wife testified that Deputy Ries only spoke to her Husband and not to her. She admitted, however, that Deputy Ries also spoke to the other officers on the scene. Wife never called any of the other officers involved to testify on her behalf.

{¶18} In reviewing a manifest weight challenge, we are mindful that a reversal is only appropriate "'in the exceptional case, where the evidence presented weighs heavily in favor of the party seeking reversal * * *.'" *Collins v. Collins*, 9th Dist. Summit No. 27311, 2015-Ohio-2618, ¶ 23, quoting *Boreman v. Boreman*, 9th Dist. Wayne No. 01CA0034, 2002-Ohio-2320, ¶ 10. Having carefully reviewed the record here, however, we must conclude that this is one of those exceptional cases. The trial court granted Wife's protection order on the basis that Husband "knowingly caused physical harm, scratches and bruising, to [Wife]." Yet, Wife was the only one who testified that Husband caused her physical harm. Neither Husband, nor Ms. Y., nor Deputy Ries testified to that effect. Ms. Y. stated that she observed Husband and Wife during the encounter at her house and never saw Husband put his hands on Wife. Further,

Deputy Ries testified that he was never told that the parties' dispute involved anything more than a verbal argument. Wife never told Deputy Ries that Husband had harmed her. Although she claimed to have spoken to other officers about pressing charges against Husband, Wife never called those other officers as witnesses. Instead, she waited more than ten days to file a CPO petition. As a result of the petition, Wife was able to secure custody of her children amidst the uncertainty of the pending divorce proceedings.

{¶19} Because the evidence in the record weighs heavily in favor of Husband, we must conclude that the court erred by granting Wife's CPO petition on the basis that Husband "knowingly caused physical harm, scratches and bruising, to [her]." Husband's argument that the court's judgment is against the manifest weight of the evidence has merit. As such, his second assignment of error is sustained.

III.

{¶20} Husband's first assignment of error is overruled. His second assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

NORMAN R. MILLER, JR., Attorney at Law, for Appellant.

M.R., pro se, Appellee.