[Cite as *A.M. v. S.M.*, 2018-Ohio-247.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

A. M.

    Appellee

    v.

S. M.

    Appellant

C.A. No.     28127

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2015 10 3237

DECISION AND JOURNAL ENTRY

Dated: January 24, 2018

HENSAL, Judge.

{¶1} S.M. ("Husband") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. We affirm.

I.

{¶2} This appeal stems from the trial court's grant of a domestic violence civil protection order ("DVCPO") in favor of A.M. ("Wife"), Husband's estranged wife, and their two minor children ("Son" and "Daughter"). Wife filed the petition on October 30, 2015, alleging that Husband had been both physically and emotionally abusive toward her and Son, and that he had been emotionally abusive toward Daughter. After a full hearing, a magistrate entered an order granting Wife's petition, which the trial court adopted. Husband now appeals, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FINDING BY A PREPONDERANCE OF THE EVIDENCE THAT [HUSBAND] ENGAGED IN DOMESTIC VIOLENCE AS DEFINED BY O.R.C. SECTION 3113.31.

{¶3}   In his first assignment of error, Husband challenges the sufficiency of the evidence presented in support of the DVCPO.  In reviewing the sufficiency of the evidence, "we must determine whether, viewing the evidence in the light most favorable to [the petitioner], a reasonable trier of fact could find that the petitioner demonstrated by a preponderance of the evidence that a civil protection order should issue."  *R.C. v. J.G.*, 9th Dist. Medina No. 12CA0081-M, 2013-Ohio-4265, ¶ 7.  "In order to grant a DVCPO, the court must conclude that the petitioner has demonstrated by a preponderance of the evidence that the petitioner and/or the petitioner's family or household members are in danger of domestic violence."  *B.C. v. A.S.*, 9th Dist. Medina No. 13CA0020-M, 2014-Ohio-1326, ¶ 7.  "Domestic violence" is defined as  the occurrence of one or more of the following acts against a family or household member:

> (a) Attempting to cause or recklessly causing bodily injury; (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section   2903.211 or   2911.211 of the Revised Code; (c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code; (d) Committing a sexually oriented offense.

R.C. 3113.31(A).

{¶4}   Here, Wife testified the Husband "got a little bit rough with [her] in the bedroom[,]" showed up to her workplace uninvited, leaves her "nasty" voicemails, screams at her, calls her names, verbally abuses her, and harasses her for his belongings.  She testified that she was diagnosed with PTSD after she married Husband and that her symptoms worsen when

she is around him. She further testified that she has been hospitalized several times, in part, because of her PTSD, and that she continues to be afraid of Husband.

{¶5} With respect to the children, Wife testified that Husband "got physical" with Son, which left Son with bruises all over his body. She further testified that both children have attempted suicide, that Son suffers from depression, and that Daughter cuts herself when she hears about Husband. She testified that both children are afraid of Husband, and that they are both engaged in counseling. When asked whether Husband is to blame for everything that has happened to her and their children, Wife responded affirmatively.

{¶6} On appeal, Husband argues that there is no supporting factual basis for Wife's allegations that he was abusive toward their children. In support of his argument, he asserts that there are no police reports or hospital records to substantiate Wife's claims. He also asserts that the altercation between himself and Son occurred over two years ago, that he never physically harmed Wife or their children, and that he has never threatened to harm Wife. He further asserts that Wife's "words and actions are inconsistent" because she continued to initiate contact with him after she sought the protection order.

{¶7} Regarding the lack of corroborating evidence, the Ohio Supreme Court has recognized that "[o]ften the only evidence of domestic violence is the testimony of the victim[,]" and the fact that the abuse is not otherwise documented does not render the evidence insufficient. *Felton v. Felton*, 79 Ohio St.3d 34, 44 (1997). Regarding Wife's "inconsistent" behavior and Husband's testimony that he never harmed – nor threatened to harm – anyone, those arguments sound in weight, not sufficiency. Viewing the evidence in a light most favorable to Wife, we cannot say that insufficient evidence existed to support the issuance of the DVCPO.

ASSIGNMENT OF ERROR II

THE TRIAL COURT'S DECISION TO GRANT [WIFE]'S PETITION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶8} In his second assignment of error, Husband challenges the weight of the evidence presented in support of the issuance of the DVCPO. When reviewing a challenge to the manifest weight of the evidence, this Court must "sit as a 'thirteenth juror' and review the record, weigh the evidence and all reasonable inferences, [and] consider the credibility of witnesses[.]" *J.K. v. M.K.*, 9th Dist. Medina No. 13CA0085-M, 2015-Ohio-434, ¶ 19. This Court must determine whether "the [trier of fact] clearly lost its way and created * * * a manifest miscarriage of justice * * *." *Id.*, quoting *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20; *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶9} The crux of Husband's manifest-weight argument is that Wife did not establish a present fear of harm or an imminent danger of domestic violence. He asserts that Wife's behavior, including her e-mails, phone calls, and texts to him, indicates that she is not fearful of him. He further asserts that Wife was unable to identify any event within the last two years that would lead her, or their children, to be fearful of him.

{¶10} Husband's argument, however, ignores much of Wife's testimony at the hearing. As previously noted, Wife testified the Husband "got a little bit rough with [her] in the bedroom[,]" showed up to her workplace uninvited, leaves her "nasty" voicemails, screams at her, calls her names, verbally abuses her, and harasses her for his belongings. She also testified that she is afraid of him, that he is "capable of anything[,]" and that she does not feel safe around him.

{¶11}  With respect to the children, Wife testified that Husband "got physical" with Son, that both children have attempted suicide, that Son suffers from depression, and that Daughter cuts herself when she hears about Husband.  She further testified that the children are afraid of Husband, and that they are both engaged in counseling.

{¶12}  To the extent that the trial court's decision relied upon a credibility determination between Wife and Husband, that determination is entitled to considerable deference on appeal. *State v. Scheiman*, 9th Dist. Medina No. 04CA0047-M, 2005-Ohio-15, ¶ 22-23.  Having reviewed the entire record, we cannot say that the trial court clearly lost its way when it granted the DVCPO in favor of Wife and their two children.  Accordingly, Husband's second assignment of error is overruled.

## III.

{¶13}  Husband's assignments of error are overruled.  The Judgment of the Summit County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
CONCURS IN JUDGMENT ONLY.

SCHAFER, J.
DISSENTING.

{¶14} As I do not believe Wife met her burden of production in demonstrating that any of the protected persons suffered from a fear of imminent serious physical harm from Husband, I respectfully dissent.

{¶15} R.C. 3113.31 allows a court to grant a domestic violence civil protection order after a full hearing "to bring about a cessation of domestic violence against the family or household members." R.C. 3113.31(E)(1). When reviewing the issuance of a domestic violence civil protection order, courts are to remain mindful that "[t]he purpose of the civil protection order is not to address past abuse." *Wetterman v. B.C.*, 9th Dist. Medina No. 12CA0021–M, 2013–Ohio–57, ¶ 11. Rather, protection orders are intended to prevent further domestic violence. *Felton v. Felton*, 79 Ohio St.3d 34, 41 (1997). As such, "even with established past abuse there must be some competent, credible evidence that there is a present fear of harm." *McElroy v. McElroy*, 5th Dist. Guernsey No. 15 CA 27, 2016–Ohio–5148, ¶ 38. Nevertheless,

"[e]vidence of past abuse * * * is relevant and may be an important factor in determining whether there is a reasonable fear of further harm." *Wetterman* at ¶ 12.

{¶16} In this case, Husband does not contest that his Wife and children constitute family or household members. Rather, Husband disputes the trial court's finding that he committed an act of "domestic violence," as the phrase is defined under Ohio law. In its order granting Wife's petition for a domestic violence civil protection order, the trial court found Wife's testimony that Husband physically abused their children to be credible. However, the trial court did not make any findings of fact pertaining to acts of domestic violence committed against Wife. Thus, on this basis alone, I would reverse the trial court's order naming Wife as a protected person in the domestic violence civil protection order.

{¶17} With regard to the children, the trial court did not specify which subsection of R.C. 3113.31(A)(1) Husband was found to have committed with respect to his children. However, I would determine that insufficient evidence was presented to warrant the issuance of a DVCPO because the testimony did not demonstrate that the "domestic violence" alleged against the children fit any of the four subsections of R.C. 3113.31(A)(1) or that the children had a reasonable fear of *imminent* future harm from their father. Although Wife testified that she and her children were afraid of Husband and did not feel safe around him, a careful review of the record indicates that she provided no testimony that either she or her children were in fear of *imminent* serious physical harm. Accordingly, I would sustain Husband's first assignment of error.

{¶18} Therefore, I respectfully dissent.

APPEARANCES:

ADAM W. WILGUS, Attorney at Law, for Appellant.

CHRISTINE D. FINAN, Attorney at Law, for Appellee.