[Cite as *D.M. v. D.B.*, 2018-Ohio-4162.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

D.M.

      Appellee

      v.

D.B.

      Appellant

C.A. No.     17CA0074-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     16DV0282

DECISION AND JOURNAL ENTRY

Dated: October 15, 2018

TEODOSIO, Judge.

**{¶1}** D.B. appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, overruling objections and adopting the magistrate's decision granting a domestic violence civil protection order. We reverse and remand.

## I.

**{¶2}** D.M. filed a petition for a domestic violence civil protection order against D.B. in December 2016. A hearing was held before the magistrate in February 2017, with the magistrate issuing a decision and an order of protection on February 10, 2017. In its judgment entry of September 21, 2017, the trial court overruled objections filed by D.B. and adopted the decision of the magistrate. D.B. now appeals, raising two assignment of error.

## II.

### ASSIGNMENT OF ERROR ONE

A DUE PROCESS VIOLATION OCCURS WHEN THE REQUIRED WEIGHT
OF THE EVIDENCE[,] HERE A PREPONDERANCE, IS SKEWED BY

ADDING[] "VIEWING THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO (THE PETITIONER)". [SIC] PREPONDERANCE OF EVIDENCE IS THE DUE PROCESS STANDARD[,] NOT PREPONDERANCE OF EVIDENCE VIEWED IN [THE] LIGHT MOST FAVORABLE TO PETITIONER.

{¶3} In his first assignment of error, D.B. argues the trial court erred by applying the incorrect evidentiary standard. In its order overruling D.B.'s objections and adopting the magistrate's decision that issued a domestic violence civil protection order, the trial court stated: "After viewing the evidence in the light most favorable to Petitioner, the Court finds that a reasonable trier of fact could find that Petitioner demonstrated by a preponderance of the evidence that a domestic violence civil protection order should issue." D.B. contends the trial court erred by "viewing the evidence in the light most favorable to Petitioner[.]" We agree.

{¶4} "In order to grant a DVCPO, the [trial] court must conclude that the petitioner has demonstrated by a preponderance of the evidence that the petitioner and/or the petitioner's family or household members are in danger of domestic violence." *B.C. v. A.S.*, 9th Dist. Medina No. 13CA0020-M, 2014-Ohio-1326, ¶ 7. In contrast, when an appellate court is assessing the sufficiency of the evidence for a trial court's decision to grant a civil protection order, it is the appellate court's role to "determine whether, viewing the evidence in the light most favorable to [the petitioner], a reasonable trier of fact could find that the petitioner demonstrated by a preponderance of the evidence that a civil protection order should issue." *R.C. v. J.G.*, 9th Dist. Medina No. 12CA0081-M, 2013-Ohio-4265, ¶ 7, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 11, and *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶5}** The trial court applied an incorrect evidentiary standard when it used the standard of review applied by an appellate court in assessing the sufficiency of the evidence for a trial court's decision to grant a civil protection order. D.B.'s first assignment of error is sustained.

## ASSIGNMENT OF ERROR TWO

WHEN A COURT COUPLES ITS' [SIC] DECISION WITH HAVING TO VIEW THE EVIDENCE OF THE PETITIONER IN THE LIGHT MOST FAVORABLE, THEREBY INSERTING A DISPARATE THEORY INTO PREPONDERANCE OF THE EVIDENCE, THE DECISION OF THE COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶6}** In his second assignment of error, D.B. argues the trial court's decision was against the manifest weight of the evidence as a result of the application of the incorrect evidentiary standard. We do not reach the merits of assignment of error two because our resolution of the first assignment of error necessitates further consideration by the trial court. We therefore decline to address D.B.'s second assignment of error. *See* App.R. 12(A)(1)(c).

## III.

**{¶7}** D.B.'s first assignment of error is sustained. We decline to address the second assignment of error. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for proceedings consistent with this decision.

Judgment reversed
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

L. RAY JONES, Attorney at Law, for Appellant.

CARLA BOYLE SMALL, Attorney at Law, for Appellee.